UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>MARY ANN DIZDAR,<br><br>    Defendant. | Case No. 20-CV-08314-LHK<br><br>**ORDER GRANTING IN PART MOTION FOR ADMINISTRATIVE RELIEF REQUESTING EXTENSION OF TIME TO COMPLETE SERVICE**<br><br>Re: Dkt. No. 11 |

On January 19, 2021, Plaintiff filed the instant motion for administrative relief requesting an extension of time to complete service on Defendant. ECF No. 11. The current deadline to serve Defendant is January 25, 2021.[1] Plaintiffs' propose a 90-day extension so that the new deadline is April 26, 2021. To support the instant motion, Plaintiff attaches documents which show that

---

[1] The scheduling order in this case sets the deadline for serving Defendant 60 days after the filing of the complaint. ECF No. 5. The complaint was filed on November 25, 2020. Adding 60 days to that filing date, Plaintiff's counsel avers that January 24, 2021 is the service deadline. ECF No. 11-1 ¶ 9. However, January 24, 2021 is a Sunday. Under Federal Rule of Civil Procedure 6(a)(1)(C), when a deadline stated in days falls on a weekend or legal holiday, the "period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Thus, Monday, January 25, 2021 is in fact the service deadline.

1
Case No. 20-CV-08314-LHK
ORDER GRANTING IN PART MOTION FOR ADMINISTRATIVE RELIEF REQUESTING EXTENSION OF TIME TO COMPLETE SERVICE

(1) Plaintiff hired a contractor who has tried to serve Defendant about eight times; and

(2) Defendant's counsel is aware of this lawsuit. ECF Nos. 11-2 (service attempts), 11-4 (emails with Defendant's counsel).

The Court "must extend time for service upon a showing of good cause" by Plaintiff. *Crowley v. Bannister*, 734 F.3d 967, 976 (9th Cir. 2013). In the Ninth Circuit, "[a]t a minimum, 'good cause' means excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Additionally, "a plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: '(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.'" *Id.* (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). Further, "[a] defendant's affirmative actions, which frustrate service, may constitute good cause for failure to effect timely service." *Hearst v. West*, 31 F. App'x 366, 368 (9th Cir. 2002).

Plaintiff has failed to show good cause. He fails to allege how he would be prejudiced—let alone "severely prejudiced"—if his complaint were dismissed. *In re Sheehan*, 253 F.3d at 512. Plaintiff fails to allege, for instance, that a statute of limitations would prevent him from refiling his complaint if were dismissed for untimely service. *See, e.g.*, *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir.2007) (citing statute of limitations as a reason to extend time for service). Nor does Plaintiff show that Defendant's "affirmative actions[] frustrate[d] service." *Hearst*, 31 F. App'x at 368. Though Plaintiff avers that Defendant's counsel "agreed to accept service on behalf on [sic] the [D]efendant," it is unclear whether Defendant's counsel actually agreed. Rather, Defendant's counsel emailed Plaintiff's counsel an ambiguous statement: "Yes we can accept service *via post mail only* on behalf of the client." ECF No. 11-4 (emphasis added). Plaintiff's counsel then emailed Defendant's counsel a form for waiving service, which Defendant did not return. *Id.*

Although Plaintiff has not established good cause, the Court exercises its discretion to grant a 30-day extension of the time for service. As noted, Defendant has actual notice of the lawsuit, and has had such notice since at least December 28, 2020. *See* ECF No. 11-4. There is no

evidence that Defendant would be prejudiced by a 30-day delay in service. Moreover, Plaintiffs have diligently attempted service on Defendant. *See* ECF Nos. 11-2. Thus, the Court finds that an extension of service will best serve the interests of the "just, speedy and efficient disposition" of Plaintiff's claims. *See, e.g.*, *Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1036 (N.D. Cal. 2015) (exercising discretion to grant an extension of time for service).

Accordingly, the Court GRANTS IN PART Plaintiff's motion for administrative relief requesting an extension of time to complete service on Defendant. Plaintiff shall properly serve Defendant within 30 days of this Order. Service should include the summons, complaint, scheduling order, General Order No. 56 and its Second Amended Notice, and any supplemental filings required by Civil Local Rule 4-2. No further extensions shall be granted.

**IT IS SO ORDERED.**

Dated: January 20, 2021

_____
LUCY H. KOH
United States District Judge