UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>MARY ANN DIZDAR.<br><br>    Defendant. | Case No. 20-CV-08314-LHK<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

Plaintiff Scott Johnson ("Plaintiff") alleges that Defendant Mary Ann Dizdar ("Defendant") violated the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101 *et. seq.*) and the Unruh Civil Rights Act ("UCRA") (Cal. Civ. Code §§ 51–53). Before the Court is Defendant's motion to dismiss Plaintiff's complaint. ECF No. 13. Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES Defendant's motion to dismiss.

**I. BACKGROUND**

    **A. Factual Background**

Plaintiff is a California resident with level C-5 quadriplegia. ECF No. 1 ("Compl.") ¶ 1. He "uses a wheelchair for mobility and has a specially equipped van." *Id.* "Plaintiff is also a serial ADA litigant who [as of December 2020] ha[d] filed over 1100 lawsuits in this district since

1
Case No. 20-CV-08314-LHK
ORDER DENYING MOTION TO DISMISS

October 2015." *Johnson v. Medvill 1, LLC*, No. 18-CV-04150-LHK, 2020 WL 7696056, at *1 (N.D. Cal. Dec. 28, 2020). In this case, Plaintiff claims that Defendant has violated—and continues to violate—the ADA and the UCRA. Compl. ¶¶ 22–33. Specifically, Plaintiff alleges that Defendant owns real property located in Sunnyvale, California, upon which the business "848 W. Evelyn Ave Automotive Center" ("the Automotive Center") operates. *Id.* ¶ 2. Plaintiff alleges that this business is inaccessible to people with disabilities. *Id.* ¶¶ 2, 12.

In October 2020, Plaintiff allegedly went to Automotive Center with "the intention to avail himself of its services motivated in part to determine if defendants [sic] comply with the disability access laws." *Id.* ¶ 8. Plaintiff alleges that the Automotive Center is "a facility open to the public, a place of public accommodation, and a business establishment." *Id.* ¶ 9. Plaintiff further asserts that the Automotive Center "provides parking to its customers but fails to provide wheelchair accessible parking." *Id.* ¶ 11. According to Plaintiff, "[t]he failure to provide accessible facilities created difficulty and discomfort for the Plaintiff," and "[t]he defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities." *Id.* ¶¶ 17–18. The barriers are allegedly "readily achievable to remove," and there are allegedly "numerous alternative accommodations that could be made . . . if complete removal were not achievable." *Id.* ¶ 19. Plaintiff alleges that he will "return to the Automotive Center to avail himself of its services and to determine compliance with the disability access laws once it is represented to him that [it is] accessible." *Id.* ¶ 20.

**B. Procedural History**

On November 25, 2020, Plaintiff filed the instant case against Defendant. *Id.* Plaintiff brings two claims: (1) violation of the ADA (42 U.S.C. § 12101 et. seq.) and (2) violation of the UCRA (Cal. Civ. Code §§ 51 – 53). Compl. ¶¶ 22–33.

On February 16, 2021, Defendant filed a motion to dismiss Plaintiff's complaint. ECF No. 13 ("Mot."). On March 2, 2021, Plaintiff filed an opposition. ECF No. 14 ("Opp'n"). On March 9, 2021, Defendant filed a reply. ECF No. 15 ("Reply").

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests whether the court has subject matter jurisdiction. Although lack of "statutory standing" requires dismissal for failure to state a claim under Rule 12(b)(6), lack of Article III standing requires dismissal for want of subject matter jurisdiction under Rule 12(b)(1). *See Nw. Requirements Utilities v. F.E.R.C.*, 798 F.3d 796, 808 (9th Cir. 2015) ("Unlike Article III standing, however, 'statutory standing' does not implicate our subject-matter jurisdiction." (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014))); *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). A Rule 12(b)(1) jurisdictional attack may be factual or facial. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

"[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In resolving such an attack, unlike with a motion to dismiss under Rule 12(b)(6), a court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* Moreover, the court "need not presume the truthfulness of the plaintiff's allegations." *Id.* Once the defendant has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

"In a facial attack," on the other hand, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. The court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

### B. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to include "a short

3

Case No. 20-CV-08314-LHK
ORDER DENYING MOTION TO DISMISS

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**C. Leave to Amend**

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) (alterations and internal quotation marks

4

omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION

Plaintiff brings two claims: (1) violation of the Americans with Disabilities Act ("ADA") and (2) violation of the Unruh Civil Rights Act ("UCRA"). Compl. ¶¶ 22–33. Defendant contends that Plaintiff fails to state a claim under the ADA and the UCRA for two reasons. First, Defendant argues that Plaintiff fails to allege that the property in question is public. Mot. at 5. Second, Defendant contends that Plaintiff fails to allege that he will return to the property in question. Mot. at 6. The Court addresses each of Defendant's arguments in turn.

### A. Plaintiff has adequately alleged that the property in question is public.

Defendant contends that Plaintiff fails to adequately allege that the portion of the property at issue in this case is a place of public accommodation. Mot. at 6. The Court disagrees.

Title III of the ADA prohibits discrimination on the basis of disability within places of public accommodation: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). In order to state a claim under the ADA, Plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) Defendant owns, leases, or operates a place of public accommodation; and (3) Plaintiff was denied public accommodations by Defendant because of his disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)). The UCRA provides that a violation of the ADA is a violation of the UCRA. Cal. Civ. Code, § 51(f). Accordingly, Plaintiff's UCRA claim "arises from the same

5

Case No. 20-CV-08314-LHK
ORDER DENYING MOTION TO DISMISS

nucleus of operative facts as the ADA claim." *Medvill 1, LLC*, 2020 WL 7696056, at *7 (N.D. Cal. Dec. 28, 2020).

In the instant motion, Defendant contends that Plaintiff fails to allege that the property in question is public because the Automotive Center offers no public parking. Mot. at 4–5. However, in the Complaint, Plaintiff alleges that the Automotive Center is a "facility open to the public, a place of public accommodation, and a business establishment." *Id.* ¶¶ 2–3, 9. So long as Plaintiff's allegations are not contradicted by judicially noticeable facts, *see Shwarz*, 234 F.3d at 435, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party," *Manzarek*, 519 F.3d at 1031. Thus, the question before the Court is whether Plaintiff's allegations are contradicted by judicially noticeable facts. The parties disagree on this question.

Defendant requests judicial notice of several facts regarding the property in question. ECF No. 13-4 ("RJN"). Specifically, Defendant requests judicial notice of facts from the declaration of Eileen P. Kennedy, Defendant's counsel. RJN. In her declaration, Kennedy includes a CBC Accessibility Report prepared by Denise East, CASp, which asserts that (1) "[t]here is no public parking at the Automotive Center"; (2)"[t]he Automotive Center provides public access by appointment only," such that clients with appointments drop off their vehicles with the Automotive Center's staff; and (3) "[t]he building was built in 1978 and no alterations have been made." RJN; ECF No. 13-1.

The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). However, to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, the Court will not take judicial notice of those facts. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The Court accordingly analyzes in turn: (1) whether the facts in the Kennedy declaration are "generally known within the trial court's territorial jurisdiction" or "can be accurately and

6

readily determined from sources whose accuracy cannot reasonably be questioned"; and (2) whether the facts in the Kennedy declaration are subject to reasonable dispute.

First, Defendant does not contend that the facts in the Kennedy declaration are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *accord United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) ("Facts are . . . subject to judicial notice, only if they are either 'generally known' under Rule 201(b)(1) or 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned' under Rule 201(b)(2)."). Thus, the Court cannot take judicial notice of the facts in the Kennedy declaration on the basis that the facts are generally known or accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Moreover, the facts in the Kennedy declaration are disputed. Specifically, Defendant requests judicial notice of the fact that "[t]here is no public parking at the Automotive Center," and "[t]he Automotive Center provides public access by appointment only." RJN; ECF No. 13-1. However, Plaintiff disputes these facts because Plaintiff alleges that the Automotive Center is a "facility open to the public, a place of public accommodation, and a business establishment." Compl. ¶¶ 2–3, 9. The Court cannot take judicial notice of disputed facts. *See Lee*, 250 F.3d at 690 (holding that the district court erred in taking judicial notice of disputed facts within declarations). Thus, the Court DENIES Defendant's request for judicial notice.

Finally, Defendant further contends that the Automotive Center is not a place of public accommodation based on *Langer v. Kiser*, a 2021 case from another district court that concluded that the space at issue was not a place of public accommodation. *See* Mot. at 6 (relying on *Langer v. Kiser*, No. 3:18-cv-00195 BEN-NLS, 2021 U.S. Dist. LEXIS 18872 (S.D. Cal. Feb. 1. 2021)). However, *Langer* is inapposite because it was "the Court's final decision [in a] bench trial." *Id*. at *1. By contrast, the instant case is still at the pleading stage, where the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party," *Manzarek*, 519 F.3d at 1031. Accepting Plaintiff's allegations as true, Plaintiff

7

has adequately alleged that the property in question is public. Thus, the Court DENIES Defendant's motion to dismiss on the grounds that Plaintiff has not adequately alleged that the property in question is public.

**B. Plaintiff has adequately alleged that he will return to the property in question.**

Defendant next contends that Plaintiff cannot show a real and immediate threat of repeated injury because he has "not plead with any certainty an intent to return to the private property." Mot. at 5–6. The Court disagrees.

To establish standing under Article III of the United States Constitution, Plaintiff must show that he "has suffered an injury in fact, that the injury is traceable to the challenged action of [Defendant], and that the injury can be redressed by a favorable decision." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004) (quoting *Bird v. Lewis & Clark College*, 303 F.3d 1015, 1019 (9th Cir. 2002), *cert. denied*, 538 U.S. 923 (2003)). The "Supreme Court has instructed [courts] to take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits 'are the primary method of obtaining compliance with the Act.'" *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc) (quoting *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008)). "[T]o establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, [Plaintiff] must demonstrate a 'real and immediate threat of repeated injury' in the future." *Id.* (footnote omitted) (quoting *Fortyune*, 364 F.3d at 1081).

Defendant contends that Plaintiff cannot show a real and immediate threat of repeated injury. Mot. at 5–6. However, Ninth Circuit precedent forecloses Defendant's argument. Even at summary judgment—where Plaintiff's burden of showing standing is greater than at the pleading stage—relatively "minimal allegations" support ADA standing. *See Wilson v. Kayo Oil Co.*, 563 F.3d 979, 980 (9th Cir. 2009) (per curiam) (reversing dismissal for lack of standing at summary judgment); *see also Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561 (1992) (discussing plaintiff's greater burden of showing standing at summary judgment). Namely, "[a]llegations that a plaintiff [1] has visited a public accommodation on a prior occasion and [2] is currently deterred from

8

Case No. 20-CV-08314-LHK
ORDER DENYING MOTION TO DISMISS

visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent." *Wilson*, 563 F.3d at 980 (quoting *Doran*, 524 F.3d at 1041). Plaintiff makes both of these allegations in the instant case. First, Plaintiff alleges that he visited the Automotive Center in October 2020. Compl. ¶ 8. Second, Plaintiff alleges that he is "currently deterred from [returning to the Automotive Center] because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site." *Id.* ¶ 20. Accordingly, under Ninth Circuit precedent, Plaintiff has adequately alleged an imminent ADA injury.

In contending that Plaintiff lacks standing, Defendant argues that Plaintiff "observed the purported violation from the street," for if he had "actually entered the facility he would have seen the signage and had he contacted the business he would have known how they operate their business," such that clients with appointments drop their vehicles off with Automotive Center staff. Mot. at 6. However, in the Complaint, Plaintiff alleges that he "went to [the Automotive Center] in October 2020." Compl. ¶ 8. Moreover, Plaintiff can establish standing even if he had never visited the public accommodation before. *See Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017) (concluding that a plaintiff can show standing even if the plaintiff has never visited a public accommodation as long as the plaintiff alleges that he "intend[s] to visit the relevant [accommodations], but ha[s] been deterred from doing so by the [accommodation]'s noncompliance with the ADA"). Accordingly, the Court concludes that Plaintiff has adequately alleged that he visited the Automotive Center and will visit it again in the future.

Finally, in a footnote, Defendant contends that Plaintiff's stated intent to return to the Automotive Center is insincere because Plaintiff has filed a plethora of lawsuits against automotive repair facilities in this district court in the past year and lives over 130 miles away. Mot. at 6 n. 1. However, Ninth Circuit precedent precludes the Court from questioning Plaintiff's intent to return based on Plaintiff's other lawsuits. In *D'Lil v. Best Western Encina Lodge and Suites*, the Ninth Circuit reversed a district court's holding that the plaintiff lacked standing. 538 F.3d 1031, 1039 (9th Cir. 2008). The district court had concluded—after briefing and an

9

Case No. 20-CV-08314-LHK
ORDER DENYING MOTION TO DISMISS

evidentiary hearing—that "D'Lil failed to provide evidence of her intent to return." *Id.* Specifically, the district court "note[d] concerns about the credibility of D'Lil's professed desire to return in light of her involvement in [approximately sixty] prior ADA suits." *Id.* The Ninth Circuit "reject[ed] [the district court's] purported adverse credibility determination" because "the district court focused on D'Lil's history of ADA litigation as a basis for questioning the sincerity of her intent to return to the Best Western Encina." *Id.* at 1040. The Ninth Circuit explained that, "[f]or the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." *Id.* (quoting *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007)). Thus, in determining whether Plaintiff intends to return to the Automotive Center, the Court cannot consider other lawsuits filed by Plaintiff. Mot. at 6.

Moreover, the Ninth Circuit has found standing even when the plaintiff lived further away from the property in question than Plaintiff does in the instant case. *See Doran*, 524 F.3d at 1038 (concluding that plaintiff had standing based on the plaintiff's allegations that he planned to visit a 7-Eleven store located about 550 miles from his home).

Therefore, the Court DENIES Defendant's motion to dismiss on the grounds that Plaintiff has not adequately alleged that he will return to the property in question.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated: June 22, 2021

*Lucy H. Koh*

LUCY H. KOH
United States District Judge